IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HECTOR MADRIGAL MENDOZA, §<br>#58601-177, §<br>MOVANT, §<br> §<br>v.  §<br> §<br> §<br>UNITED STATES OF AMERICA, §<br>RESPONDENT. § | CIVIL CASE NO. 3:23-CV-1550-K-BK<br>(CRIMINAL CASE NO. 3:19-CR-188-K-2) |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the first ground in Movant Hector Madrigal Mendoza's pro se motion under 28 U.S.C. § 2255 to vacate sentence was referred to the United States Magistrate Judge for an evidentiary hearing and for findings and a recommended disposition. Doc. 10. The Government has now filed *Notice of Change of Position and Unopposed Motion to Cancel Evidentiary Hearing*. Doc. 20.

The Government concedes that counsel rendered ineffective assistance, and requests that Movant's appellate rights be reinstated subject to his valid appellate waiver and that the evidentiary hearing be canceled. Doc. 20. The Government also requests that the Court deny the remaining grounds because Movant fails to show he received constitutionally ineffective assistance of counsel during the guilty plea proceeding.

Counsel's failure to file a notice of appeal as Movant requested constitutes constitutionally ineffective assistance of counsel. *See Roe v. Flores-Ortega,* 528 U.S. 470, 484 (2000). Thus, Movant is entitled to file an out-of-time appeal. *See United States v. West*, 240

F.3d 456, 459-60 (5th Cir. 2001) (when an attorney renders constitutionally ineffective assistance of counsel in failing to preserve appellate rights, the defendant is entitled to an out-of-time appeal and the criminal judgment must be re-entered to trigger the running of a new appeal period). Based on the judicial remedy crafted in *West*, Movant's § 2255 motion should be dismissed without prejudice, and the underlying criminal judgment should be re-entered to trigger anew the period for him to file his notice of appeal. *Id.* at 460; *United States v. Rivas*, 450 F. App'x 420, 429 (5th Cir. 2014) (per curiam). The Government's request that the remaining grounds be denied on the merits should thus be denied.

For the foregoing reasons, Movant's § 2255 motion should be **DISMISSED WITHOUT PREJUDICE** and the Clerk of the Court should be **DIRECTED** to (1) re-enter the judgment in Movant's Criminal Case No. 3:19-CR-188-K-2, which will trigger a new deadline for filing a notice of appeal in that case; and (2) file a notice of appeal on Movant's behalf in his criminal case no later than 14 days after the reentry of the criminal judgment.

**SO RECOMMENDED** on March 15, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).